1  NORMAN J. WATKINS, State Bar No. 87327
   BARBARA S. HUFF, State Bar No. 148995
2  Email: bhuff@lynberg.com
   **LYNBERG & WATKINS**
3  A Professional Corporation
   888 South Figueroa Street, 16th Floor
4  Los Angeles, California 90017-5449
   Telephone: (213) 624-8700
5  Facsimile: (213) 892-2763

6  Attorneys for Defendant, COUNTY OF SAN BERNARDINO and DEPUTY
   KENT WATSON
7  **(Exempt per Gov't Code §6103)**

8             UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 ESTATE OF IBN RASHEED JONES ) Case No. EDCV 09-01287 DEW
   by and through its Personal       ) (DTBx)
12 Representative, TRINA GRIFFITH;   ) (Assigned to District Judge Donald E.
   ROXANNE BACON-JONES; J.A.J. a    ) Walter and Assigned Discovery
13 minor by and through her Guardian Ad ) Magistrate Judge David T. Bristow)
   Litem ROXANNE BACON-JONES;        )
14 I.A.J., a minor by and through her  )
   Guardian Ad Litem ROXANNE         )
15 BACON JONES; I.B.J., a minor by and ) Complaint filed: July 9, 2009
   through his Guardian Ad Litem       )
16 ROXANNE BACON-JONES; C.M. J.,     )
   a minor by and through his Guardian ) **ORDER FOR**
17 Ad Litem LARINA RACOBS;            ) **STIPULATED PROTECTIVE**
   LARINA RACOBS; and TRINA          ) **ORDER**
18 GRIFFITH,                          )
                                      )
19        Plaintiffs,                 )
                                      )
20   v.                               ) No Trial Date
                                      )
21 COUNTY OF SAN BERNARDINO;         )
   DEPUTY KENT WATSON; and           )
22 DOES 1-10, inclusive,              )
                                      )
23        Defendants.                 )
   _____)
24

25 / / /

26 / / /

27 / / /

28 / / /

F:\WP\Njw-team\BSH\1858-0034-Jones\Pleading\Order Stipulated Confidentiality Agreement.wpd\

**ORDER FOR STIPULATED PROTECTIVE ORDER**

1       **GOOD CAUSE APPEARING,** and pursuant to the Stipulation of the
2 parties:
3       **IT IS ORDERED** that:
4
5   ✓   The Stipulated Protective Order signed by the parties, a copy of
6           which is attached hereto as Exhibit "1", is approved.
7
8   ___   The Stipulated Protective Order signed by the parties, a copy of
9           which is attached hereto as Exhibit "1", is not approved.
10
11
12 DATED: _____4/21/10_____, 2010
13
14 _____
15           UNITED STATES CENTRAL DISTRICT JUDGE

F:\WP\Njw-team\BSH\1858-0034-Jones\Pleading\Order Stipulated Confidentiality Agreement.wpd\

-2-

**ORDER FOR STIPULATED PROTECTIVE ORDER**

NORMAN J. WATKINS, State Bar No. 87327
BARBARA S. HUFF, State Bar No. 148995
Email: bhuff@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
888 South Figueroa Street, 16th Floor
Los Angeles, California 90017-5449
Telephone: (213) 624-8700
Facsimile: (213) 892-2763

Attorneys for Defendant, COUNTY OF SAN BERNARDINO and DEPUTY KENT WATSON
**(Exempt per Gov't Code §6103)**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF IBN RASHEED JONES by and through its Personal Representative, TRINA GRIFFITH; ROXANNE BACON-JONES; J.A.J. a minor by and through her Guardian Ad Litem ROXANNE BACON-JONES; I.A.J., a minor by and through her Guardian Ad Litem ROXANNE BACON JONES; I.B.J., a minor by and through his Guardian Ad Litem ROXANNE BACON-JONES; C.M. J., a minor by and through his Guardian Ad Litem LARINA RACOBS; LARINA RACOBS; and TRINA GRIFFITH,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF SAN BERNARDINO; DEPUTY KENT WATSON; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. EDCV 09-01287 DEW (DTBx)<br>(Assigned to District Judge Donald E. Walter and Assigned Discovery Magistrate Judge David T. Bristow)<br><br>Complaint filed: July 9, 2009<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>No Trial Date |

    Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

    1.   In connection with discovery proceedings in this action the following documents, thing, materials, testimony or other information derived therefrom will

be considered "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Material which has been made public, or which is accessible by the public will not be considered Confidential.

## GOOD CAUSE STATEMENT FOR DOCUMENTS

Good cause exists to make the following documents subject to this Stipulated Protective Order because the documents describe the training and procedures used by the County of San Bernardino County Sheriff's Department. The training procedures need to remain confidential in order to reduce the possibility that the procedures used by sheriff's Deputies in their work as law enforcement officers is not compromised by making the procedures general knowledge which could be used to anticipate the actions of Sheriff's Deputies in particular situations, creating potential danger to the Deputies and the general public.

  A. Sheriff's Departmental Manual - Policy, Vol. 1 (SBSD 0330-0345);
  B. Sheriff's Departmental Manual - Policy, Vol. 3 (SBSD 0346-0403);
  C. POST Basic Course Workbook Series Laws of Arrest, Version Two (SBSD 0404-0531);
  D. POST Basic Course Workbook Series Laws, Search and Seizure Version Two (SBSD 0532-0713);
  E. POST Basic Course Workbook Series Laws, Use of Force (SBSD 0714-0834);
  F. POST Basic Course Workbook Series Laws, Domestic Violence Version Two (SBSD 0835-0994);

  2. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential," under the terms of this Order, the parties are certifying to the Court that there is a good faith basis both in law and in fact for the designation.

///

F:\WP\Njw-team\BSH\1858-0034-Jones\Pleading\Stipulated Confidentiality Agreement.wpd\ -2-

**STIPULATED PROTECTIVE ORDER**

3. Confidential documents shall be so designated by stamping copies of the documents produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. The "CONFIDENTIAL" legend shall not obliterate or obscure the contents of any documents.

4. Testimony taken at a deposition or conference may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential material") shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

   (a) a named party, to which only Confidential Material specifically related to the named party shall be disclosed;

   (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

   (c) court reporters employed in this action;

   (d) a witness at any deposition or other proceedings in this action; and

   (e) any other parties as to whom the parties agree in writing.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and to the parties.

This Stipulated Protective Order shall not be construed as authorizing a party to disobey a lawful subpoena issued in another action.

7. Should a portion of a deposition be designated as Confidential, it will be separately marked. If a named party is present during a deposition, whereby the County or any of the defendants are concerned that privileged material may be revealed, the parties shall jointly attempt to resolve said difference. If an informal resolution is unworkable, the parties shall suspend the deposition, and immediately request a telephone conference with the Court. Upon conclusion of said telephone conference with the Court, the deposition shall resume.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information (if such portion is segregable) under seal; and that the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall file a redacted version of the motion and supporting papers. Neither the fact that counsel have stipulated to an underseal filing nor the fact that a proposed filing contains information that one of the parties elected to designate as "Confidential" in accordance with the terms of the protective order is sufficient in itself tor the Court to find that good cause exists to file the papers or the portion containing the

designated information under seal. The parties will need to convince the Court in their application that protection clearly is warranted for the designated information or documents. For declarations with exhibits, this means making the requisite showing on an exhibit by exhibit basis.

10. In the event that any Confidential Material is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order is only applicable to Law and Motion and Discovery matters, and shall not apply should this case proceed to trial. Upon trial of this matter, all materials previously marked as Confidential which are entered as exhibits at trial, shall become public record absent Court Order.

12. This Order shall be without prejudice to the right of the parties: (A) to bring before the Court at any time the question of whether any particular documents or information is confidential or whether its use should be restricted; or (B) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from this Order. Any motion challenging a designation brought pursuant to this paragraph shall be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

14. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or documents under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

F:\WP\Njw-team\BSH\1858-0034-Jones\Pleading\Stipulated Confidentiality Agreement.wpd\

-5-

**STIPULATED PROTECTIVE ORDER**

15. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed thereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

16. Confidential Material shall not lose its confidential status or protection under this Order by virtue of its inadvertent disclosure, if the designating party informs the receiving party of such inadvertent disclosure within a reasonable time after its discovery.

17. The parties will comply with the terms of this Stipulated Confidentiality Agreement as soon as the parties sign the Stipulation. Should the Court deny or modify the Stipulated Confidentiality Agreement, the parties will act accordingly.

DATED: April 19, 2010

LAW OFFICES OF DALE K. GALIPO

By _____
DALE K. GALIPO, Esq.
JOHN C. FATTAHI, Esq.
Attorneys for Plaintiffs

DATED: April __ 2010

LYNBERG & WATKINS
A Professional Corporation

By: _____
NORMAN J. WATKINS
BARBARA S. HUFF
Attorneys for Defendant, COUNTY OF SAN BERNARDINO and DEPUTY KENT WATSON

F:\WP\Njw-team\BSH\1858-0034-Jones\Pleading\Stipulated Confidentiality Agreement.wpd

-6-

**STIPULATED PROTECTIVE ORDER**

Attachment A

## NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order enter in *Estate of IBN Rasheed Jones et al. v. County of San Bernardino et al.*, United States Central District Court of California, Case No. ED CV 09-01287 DEW, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____

SIGNATURE:_____

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 888 South Figueroa Street, 16th Floor, Los Angeles, California 90017.

    On **APRIL 19, 2010**, I served the foregoing document(s) described as:

**STIPULATED PROTECTIVE ORDER**

on the interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**Dale K. Galipo, Esq.**
**Melony Partow Esq.**
**LAW OFFICES OF DALE K. GALIPO**
**21800 Burbank Boulevard, Suite 310**
**Woodland Hills, CA 91367**

[x] **BY MAIL**: As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposition for mailing an affidavit.

[X] **(FEDERAL)**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **APRIL 19, 2010**, at Los Angeles, California.

_____
DEBRA ANN FLORES