LAW OFFICES OF DALE K. GALIPO
  Dale K. Galipo, SBN 144074
  dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| ESTATE OF IBN RASHEED JONES et al., | Case No. EDCV 09-01287 DEW (DTBx) |
| Plaintiffs | [*Honorable Donald E. Walter*] |
| vs. | **NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR APPROVAL OF COMPROMISE OF MINORS I.A.J., J.A.J., I.R.J, AND C.M.J.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DALE K. GALIPO** |
| COUNTY OF SAN BERNARDINO, et al., | |
| Defendants. | (Exhibits and [Proposed] Order *filed concurrently herewith*) |
| | No Hearing Requested |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that Roxanne Bacon-Jones, Guardian Ad Litem for minor plaintiffs J.A.J., I.A.J., and I.R.J., and Harry J. Histen, Guardian Ad Litem for minor plaintiff C.M.J. through Plaintiffs' counsel Dale K. Galipo, will and hereby does move the Court by way of this Ex Parte Application for an Order approving the settlement of the claims of the minor plaintiffs and distribution of the minors' settlement funds.  Defendants have stipulated that the application for approval of the minors' compromise may be submitted on an ex parte basis and decided without a hearing.

Movants make this motion under Federal Rule of Civil Procedure 17(c), Local Rule 83-5.1, and California Code of Civil Procedure 372.  The grounds for this motion are set forth in the attached Memorandum of Points and Authorities and Declaration of Dale K. Galipo.


DATED:    April 26, 2012          LAW OFFICES OF DALE K. GALIPO


                                  By  /s/ Dale K. Galipo
                                  DALE K. GALIPO
                                  Attorneys for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Roxanne Bacon-Jones, Guardian Ad Litem for minor plaintiffs J.A.J., I.R.J. and I.A.J., and Harry J. Histen, Guardian Ad Litem for minor plaintiff C.M.J., through Plaintiffs' counsel Dale K. Galipo, hereby submits a proposed order for approval of the minors' compromise in this matter, and requests that the Court approve the proposed distribution of the minors' funds.

The instant claims of minor plaintiffs arose out of the fatal shooting of their father, decedent Ibn Rasheed Jones by Deputy Kent Watson, on July 8, 2008.  On November 3, 2011, the parties reached an agreement to settle the case.  The settlement agreement established a "high-low" framework in which Plaintiffs' recovery would be guaranteed to be at least $300,000.00 but would be reduced in the event that it exceeded a specified amount.  In addition, Plaintiffs' counsel agreed that any recovery of attorneys fees pursuant to 42 U.S.C. § 1988 would be limited to no more than $300,000.00.  The jury found for the plaintiffs, but awarded less than $300,000.00, triggering the "floor" set by the settlement agreement.  Accordingly, under the terms of the settlement agreement, Defendants must pay to each of the six plaintiffs the sum of $50,000.00, for a total of $300,000.00.

Local Rule 83-5.2 provides that "[i]nsofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384."  These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts.  Movants hereby provide and discloses the required information in this memorandum and the attached Declaration of Dale K. Galipo.

## II. DISCLOSURE OF INFORMATION PURSUANT TO CALIFORNIA RULE OF COURT 7.950

(1) Minor J.A.J. is a nine-year-old female born in the year 2002 to Roxanne Bacon-Jones and Ibn Rasheed Jones.

(2) Minor I.R.J. is a seven-year-old male born in the year 2004 to Roxanne Bacon-Jones and Ibn Rasheed Jones.

(3) Minor I.A.J. is a five-year-old female born in the year 2006 to Roxanne Bacon-Jones and Ibn Rasheed Jones.

(4) Minor C.M.J. is a two-year-old female born in the year 2008 to Larina Racobs and Ibn Rasheed Jones.

(5) The plaintiffs alleged that on July 8, 2008, in Victorville, California, the defendants deprived decedent Ibn Rasheed Jones and the minor plaintiffs of their constitutional rights when Deputy Kent Watson fatally shot Ibn Rasheed Jones.

(6) J.A.J., I.R.J., I.A.J. and C.M.J. have suffered a deprivation of and will continue to suffer a deprivation of their familial relationship with their father.

(7) Medical treatment is not relevant.

(8) Medical billing is not relevant.

(9) Plaintiffs' counsel Law Offices of Dale K. Galipo is seeking reimbursement of one sixth of the advanced litigation costs from each of the minor plaintiffs' settlement proceeds, or $2,440.24 each, for a total of $9,760.96.

(10) The gross amount of the proposed settlement is $300,000.00. The share of these proceeds apportioned for each minor plaintiff is $50,000.00. After deducting requested costs of $2,440.24 from each minor's share, the net settlement proceeds to each minor plaintiff would be $47,559.76.

(11)   It is requested that one (1) disbursement of $47,559.76 be used to fund a structured settlement annuity for J.A.J. to be disbursed to J.A.J. tax-free between the ages of 18 and 25 in a total guaranteed amount of $65,700.00, as set forth in the attached addenda (**"Exhibit A"**).

(12)   It is requested that one (1) disbursement of $47,559.76 be used to fund a structured settlement annuity for I.R.J. to be disbursed to I.R.J. tax-free between the ages of 18 and 25 in a total guaranteed amount of $73,800.00, as set forth in the attached addenda (**"Exhibit A"**).

(13)   It is requested that one (1) disbursement of $47,559.76 be used to fund a structured settlement annuity for I.A.J. to be disbursed to I.A.J. tax-free between the ages of 18 and 25 in a total guaranteed amount of $83,100.00, as set forth in the attached addenda (**"Exhibit A"**).

(14)   It is requested that one (1) disbursement of $47,559.76 be used to fund a structured settlement annuity for C.M.J. to be disbursed to C.M.J. tax-free between the ages of 18 and 25 in a total guaranteed amount of $90,300.00, as set forth in the attached addenda (**"Exhibit A"**).

(15)   Under the settlement agreement, the adult plaintiffs Trina Griffith and Roxanne-Bacon Jones and their attorneys Law Offices of Dale K. Galipo will each receive disbursements totaling $50,000.00, inclusive of attorneys' fees and costs apportioned according to the retainer agreements.

(16)   Movant Harry Histen has no claims against Defendants in connection with the subject incident.

(17)   California Welfare and Institutions Code Section 14124.73 does not apply.

(18)   This motion does not seek an order for payment of money to a special needs trust.

III.   **DISCLOSURE OF ATTORNEY'S INTEREST PURSUANT TO CALIFORNIA RULE OF COURT 7.951**

(1) This petition was prepared by attorney Dale K. Galipo (California Bar Number 144074), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, representing the minor plaintiffs.

(2) The Law Offices of Dale K. Galipo did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted.

(3) The Law Offices of Dale K. Galipo represents the plaintiffs in this matter but is not employed by any other party or any insurance carrier involved in the matter.

(4) The Law Offices of Dale K. Galipo has not received any compensation for its services in connection herewith from any person.

(5) The Law Offices of Dale K. Galipo has received additional compensation for its services and advanced costs in connection from gross settlement proceeds of the adult plaintiffs, in the amount of $44,880.48.  Law Offices of Dale K. Galipo has also received an additional $300,000 from Defendants in settlement of its claim for attorneys' fees pursuant to 42 U.S.C. §1988.  After calculating the attorney hours worked on the case, it became apparent that the attorney fees reasonably incurred in prosecuting this case far exceeded the $300,000.00 limit, and Defendants agreed to tender the $300,000.00 maximum.

IV.   **MOVANTS BELIEVES THE SETTLEMENT IS IN THE BEST INTERESTS OF THE MINOR PLAINTIFFS**

Movants have made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minors' claims, the

1  parties responsible for the incident, and the nature, extent and seriousness of the

2  minor's claims.  Movants further understand that if the compromise proposed in this

3  petition is approved by the Court and is consummated, the minors will be forever

4  barred from seeking any further recovery of compensation even though the minors'

5  injuries and loss might in the future appear to be more serious than they are now

6  thought to be.  Movants are informed and believe that each minor has made a

7  sufficient recovery from the effects of her injuries and losses so as to justify the

8  resolution of this matter in accord with the terms of the settlement agreement.

9  Movants recommend the compromise settlement, and the proposed distributions to

10  each minor, to the Court as being fair, reasonable, and in the best interest of the

11  minor, and requests that the Court approve this compromise settlement and make

12  such other and further order as may be just and reasonable.

13

14  DATED:  March  27, 2012          LAW OFFICES OF DALE K. GALIPO

15

16                                    By /s/ Dale K. Galipo
                                         DALE K. GALIPO
                                         Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

1

## **VERIFICATION OF ROXANNE RAPHAEL**

2      I, Roxanne Raphael, formerly known as Roxanne Bacon-Jones, hereby

3  declare under penalty of perjury, under the laws of the United States of America,

4  that the foregoing is true and correct.

5

6      Executed this 6th day of April, 2012 at Woodland Hills, California.

7

8      _____
                    Roxanne Raphael
9         (*formerly known as Roxanne Bacon-Jones*)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **VERIFICATION OF HARRY J. HISTEN**

2

I declare under penalty of perjury pursuant to the laws of the United States

3

that the foregoing is true and correct.

4

5

6

Executed on March 28, 2012, at RIVERSIDE , California.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF DALE K. GALIPO

I, Dale K. Galipo, declare and state under penalty of perjury, as follows:

1.      I the attorney of record for the plaintiffs in this action.  I have personal knowledge of the facts contained in this declaration and if called to testify I could and would competently testify thereto.

2.      Minor J.A.J. is a nine-year-old female born in the year 2002 and will be eighteen in the year 2020.

3.      Minor I.R.J. is a seven-year-old male born in the year 2004 and will be eighteen in the year 2022.

4.      Minor I.A.J. is a five-year-old female born in the year 2006 and will be eighteen in the year 2024.

5.      Minor C.M.J. is a two-year-old female born in the year 2008 and will be eighteen in the year 2026.

6.      Ibn Rasheed Jones was the natural father of J.A.J., I.R.J., I.A.J. and C.M. J. Mr. Jones maintained a close relationship with all four of his children.

7.      The plaintiffs alleged that on July 8, 2008, in Victorville, California, the defendants deprived decedent Ibn Rasheed Jones and the minor plaintiffs of their constitutional rights when Ibn Rasheed Jones was fatally shot by Deputy Kent Watson.

8.      J.A.J., I.R.J., I.A.J. and C.M. J. have suffered a deprivation of and will continue to suffer a deprivation of their familial relationship with their father.

9.      Law Offices of Dale K. Galipo accepted this engagement for a 40%, contingency fee plus reimbursement for any costs advanced.  The retainer also provides for the receipt of any statutory attorneys' fees pursuant to 42 U.S.C. § 1988.

10.     Attorneys at Law Offices of Dale K. Galipo have expended in excess of 1,000 hours litigating this case, and the firm has advanced litigation costs and expenses exceeding $14,641.47.  Law Offices of Dale K. Galipo is seeking

1  reimbursement for one sixth of the plaintiffs' total costs from each minor's

2  settlement proceeds, or $2,440.24 each, for a total of $9,760.96. An itemization of

3  these costs is attached hereto as "Exhibit C."

4       11.    Roxanne Bacon-Jones, Movant on behalf of J.A.J., I.R.J. and I.A.J, and

5  Harry J. Histen, Movant on behalf of C.M.J., have approved structured

6  disbursements of the minors' remaining settlement proceeds, in accordance with the

7  attached addenda ("Exhibit A").

8       12.    The remaining settlement proceeds will be tendered to the Assignee of

9  Defendants, BHG Structured Settlement, Inc., for purchase of annuities in accord

10  with "**Exhibit A**."   The Assignee shall have the right to fund its liability to make

11  periodic payments to the minor plaintiffs by purchasing an annuity policy from The

12  Berkshire Hathaway Life Insurance Company of Nebraska, which is rated A++

13  Class 15 Superior, as determined by A.M. Best Company.  Attached hereto as

14  "**Exhibit B**" is a copy of this rating information and a sample annuity policy.  The

15  Berkshire Hathaway Life Insurance Company of Nebraska will act as Guarantor of

16  the Assignee.

17       13.    The structure will provide for approximate disbursements to J.A.J. of

18  the following amounts, constituting a total pay-out of $65,700.00 :

19       a.    College Fund.  $10,800.00 payable annually from ages 18

20       through 21 for a total guaranteed benefit of $43,200.00.

21       b.    Lump sum.  $22,500.00 payable at age 25.

22       14.    The structure will provide for approximate disbursements to I.R.J. of

23  the following amounts, constituting a total pay-out of $65,700.00 :

24       a.    College Fund.  $11,950.00 payable annually from ages 18

25       through 21 for a total guaranteed benefit of $47,800.00.

26       b.    Lump sum.  $26,000.00 payable at age 25.

15.     The structure will provide for approximate disbursements to I.A.J. of the following amounts, constituting a total pay-out of $83,100.00 :

      a.     College Fund.  $13,400.00 payable annually from ages 18 through 21 for a total guaranteed benefit of $53,600.00.

      b.     Lump sum.  $29,500.00 payable at age 25.

16.     The structure will provide for approximate disbursements to C.M.J. of the following amounts, constituting a total pay-out of $90,300.00 :

      a.     College Fund.  $14,700.00 payable annually from ages 18 through 21 for a total guaranteed benefit of $58,800.00.

      b.     Lump sum.  $31,500.00 payable at age 25.

17.     Defendants should prepare (a) four settlement drafts of $47,559.76 representing the amounts necessary to fully fund the annuities for the minor plaintiffs; and (b) one settlement draft of $9,760.96 for the minors' share of advanced costs.  The four settlement drafts representing the amounts necessary to fund the minor plaintiffs' annuities should be made payable to "BHG Structured Settlement, Inc. on the account of [*minor's full name*] by and through [*his/her*] Guardian Ad Litem [*name of Guardian ad Litem*]."

18.     After receipt of the settlement drafts from Defendants, Assignee will disburse payments to the minor plaintiffs starting at each minor's eighteenth birthday in accord with the terms outlined in the addenda attached hereto as "**Exhibit A.**"

I, Dale K. Galipo, hereby declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 26th day of April, 2012, at Woodland Hills, California.

/s/ Dale K. Galipo
_____
Dale K. Galipo